UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL LORUSSO,
FDOC Inmate No. 345454,
    Plaintiff,

vs.                                      Case No.:  3:24cv83/LC/ZCB

RON DESSANTIS, st al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He has filed a *pro se* civil rights complaint against the Governor of the State of Florida, the Florida Attorney General, and "Centurion Mental Health Services." (Doc. 1).

Upon review of Plaintiff's litigation history, the undersigned has determined that he is a "three-striker." This means that he is ineligible to proceed *in forma pauperis* (IFP) and was required to pay the filing fee upon initiating this suit. Because Plaintiff did not pay the filing fee when he filed the complaint, this case should be dismissed.

1

## I. Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated. . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception if the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is ineligible to proceed IFP must pay the filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that when the district court determines that the prisoner is ineligible to proceed IFP under § 1915(g), the proper procedure is for the district court to dismiss the complaint without prejudice. *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by simply paying the filing fee at a later time because the filing fee is due at the time the prisoner *initiated* the suit. *Id.*; *see also*

*Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

The Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database.[1] That review has revealed that Plaintiff (while a prisoner) previously filed at least three actions in federal courts that were dismissed as frivolous or for failure to state a claim on which relief can be granted. More specifically:

- *Lorusso v. Fla. Dep't of Corr.*, 5:22cv322-SPC-PRL (M.D. Fla. July 26, 2022) (dismissing Plaintiff's complaint as frivolous);

- *Lorusso v. Gaetz.*, 6:22cv886-RBD-DAB (M.D. Fla. June 24, 2022) (dismissing Plaintiff's complaint for failure to state a claim, pursuant to § 1915A(b) and § 1915(e)); and

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

3

- *Lorusso v. McCabe*, 8:20cv1916-TPB-AEP (M.D. Fla. Dec. 15, 2020) (dismissing Plaintiff's complaint for failure to state a claim for relief, pursuant to § 1915(e)).[2]

In fact, this Court and the other two U.S. District Courts in Florida (the Middle and Southern Districts) have previously recognized that Plaintiff is a three-striker who is barred from proceeding IFP. Here are those cases:

- *Lorusso v. Gualtieri*, No. 4:22cv421-MW-MAF (N.D. Fla. Jan. 23, 2023);

- *Lorusso v. DeSantis*, No. 1:23cv2093-RAR (S.D. Fla. Mar. 14, 2023);

- *Lorusso v. Sec'y, Dep't of Corr.*, No. 8:22cv-2373-CEH-TGW (M.D. Fla. Oct. 26, 2022);

- *Lorusso v. Johnson*, No. 8:22cv2108-MSS-JSS (M.D. Fla. Sept. 19, 2022);

---

[2] Plaintiff identified himself with FDOC inmate #345454 in his pleadings in those cases. That is the same FDOC inmate number that he identified himself with in this case.

- *Lorusso v. Fla. Dep't of Corr.*, No. 8:22cv2019-MSS-SPF (M.D. Fla. Nov. 1, 2022);

- *Lorusso v. Fla. Dep't of Corr.*, No. 8:22cv1658-TBP-SPF (M.D. Fla. Dec. 5, 2022); and

- *Lorusso v. Fla. Dep't of Corr.*, No. 8:22cv1606-SDM-MRM (M.D. Fla. July 21, 2022).[3]

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP and should have paid the filing fee at the time of filing. He failed to do so. Thus, he may only proceed with this lawsuit if he qualifies for the narrow imminent danger exception.

Plaintiff bears the burden of credibly alleging he is in imminent danger of serious physical injury. *See Daker v. Warden*, 805 F. App'x 648, 651 (11th Cir. 2020). Alleging the mere possibility of danger is not enough. "[T]he fact that something, even something very serious . . . , could happen does not mean it is about to happen and is therefore imminent." *Daker v. Ward*, 999 F.3d 1300, 1312 (11th Cir. 2021).

---

[3] The Middle District recognized Plaintiff as a three-striker in ten more cases but listing them all would be redundant.

To meet that standard, Plaintiff had to allege facts showing that, at the time he filed his complaint, his risk of serious physical harm was high or otherwise probable or likely. *See id.* He has failed to do so. Plaintiff alleges he was previously assigned a mental health status of "one" and housed at Polk Correctional Institution, which is a low-security re-entry prison. (Doc. 1 at 5-6). He alleges in January 2023, a doctor falsely diagnosed him with delusional disorder and schizophrenia and also falsely reported that he had declared a psychological emergency. (*Id.*). Plaintiff says the allegedly false diagnosis caused his mental health status to be increased to "3." (*Id.* at 6). He alleges he was also transferred to a "high security high mental health prison." (*Id.*). Plaintiff claims this caused "imminent serious harm." (*Id.*). And he further claims that Defendants conspired to falsify his mental health history in an effort to interfere with this constitutional rights to represent himself and access the courts in his federal habeas case currently pending in the U.S. District Court for the Middle District of Florida, Case No. 8:22cv2258-MSS. (*Id.* at 5-7). Plaintiff requests a hearing to prove that the mental

health information provided to the federal habeas court was false. (*Id.* at 7).[4]

Plaintiff's conclusory allegation of "imminent serious harm" is insufficient to satisfy the "imminent danger" exception of § 1915(g). *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (stating that "general assertions" were insufficient to show imminent physical danger). Rather, what is required are "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Plaintiff has failed to specify any facts that suggest he faced a risk of any imminent physical harm, let alone a high risk of serious physical harm at the time he filed his complaint (on February 14, 2024). For these reasons, Plaintiff has not shown that he qualifies to proceed under the "imminent danger" exception of § 1915(g).

---

[4] The Court has reviewed the docket of Petitioner's federal habeas case. *Lorusso v. Sec'y, Dep't of Corr.*, No. 8:22cv2258-MSS (M.D. Fla.). It shows that the habeas court is currently determining the issue of Plaintiff's mental ability to represent himself in that proceeding. *Id.*, Order, Doc. 118 (M.D. Fla. Mar. 5, 2024).

## II.  Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he commenced this case.

2. All pending motions be **DENIED** as moot.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 11th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.